UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LITITZ MUTUAL INSURANCE CO., : <br> Plaintiff, : <br> : <br> v. : No.  5:24-cv-0155 <br> : <br> STEVE D. WILSON, et al., : <br> Defendants. : | |

**O P I N I O N**

Joseph F. Leeson, Jr.                                                                                              October 22, 2024
**United States District Judge**

**I.      INTRODUCTION**

In the above captioned matter, Lititz Mutual Insurance Company seeks a declaratory judgment that it is under no obligation to defend or indemnify Steve Wilson in the underlying/related action docketed at 5:23-cv-3901. This Court has issued a rule to show cause why the instant case should not be dismissed for lack of subject matter jurisdiction. Lititz has filed a response. For the reasons that follow, this matter is dismissed for lack of subject matter jurisdiction.

**II.     BACKGROUND**

Steve Wilson is an insured under a homeowner's policy issued by Lititz Mutual Insurance Company. ECF No. 1, Compl. ¶ 3. On January 12, 2024, Lititz, brought the instant action seeking a declaratory judgment that it is under no obligation to defend or indemnify Wilson pursuant to that policy in the underlying/related action docketed at 5:23-cv-3901.[1] *See*

---

[1] The Court restates the factual background of the underlying complaint from its August 20, 2024, Opinion in the related matter docketed at 5:23-cv-3901.

> Plaintiffs Nicholas Prikis and Sophie Pittas are owners of a parcel of land in Maxatawny Township, Berks County. *See* Am. Compl. ¶ 7, ECF No 24. The land is under contract for sale for development, which would include connecting the property to the sewer system. *Id*. at ¶¶ 7, 14, 18–19. Without a proper sewer connection, the Pennsylvania Department of Environmental Protection will not allow for an expansion to Plaintiffs' property. *Id*. at ¶ 16. The Developer's Conditional Use Application is currently pending before Defendant Maxatawny Township Zoning Hearing Board (the "Board"). *Id*.
> Plaintiffs allege Defendant "Maxatawny Township is unable and/or unwilling to establish/ensure the subject Conditional Use Application receives a fair and unbiased review, free from the disruption caused by opponents' intent on 'shutting down' the hearing process." *Id*. at ¶ 19. One of the Township supervisors, Defendant John Deplanque, has declared that he does not support the project and will vote against it. *Id*. at ¶ 21. Deplanque allegedly conspired with Defendant Steve D. Wilson, a former member of Maxatawny Township's Municipal Authority, with Defendant Janna Gregonis, a professor at Kutztown University, and with Defendant Chris Paff, the Township's Zoning Officer, "to prevent any semblance of a fair and timely review of the project by encouraging participation, comments, and objections" from other persons to shut down the hearings. *See id*. at ¶¶ 3, 5, 6, 20, 24. As an "example," Plaintiffs cite to Gregonis's social media calling for students to fill the zoning hearing rooms to demonstrate the student body's objection to the project. *Id*. at ¶ 25.
> On August 31, 2023, Plaintiffs wrote the Township, outlining their complaints and asserting they "have a Constitutional Right to a fair, unbiased, and expedient review of the[ ] Conditional Use Application." *Id*. at ¶ 35. Allegedly in "response, ... Chris Paff – in his capacity as Zoning Officer, acting in concert with Supervisor Deplanque, Steve Wilson, and Janna Gregonis ... took action to prevent a review of the plans" set for September 7, 2023, by asserting that the intended ingress and egress requires a variance. *Id*. at ¶ 36. Paff, applying the Township Code, determined that Plaintiffs required a variance for their proposed road A because it "is located in the 500 ft residential buffer." *Id*. at ¶¶ 36–38.
> Plaintiffs allege that Defendants conspired "to rework the Township's septic lines preventing Plaintiff's property from being connected" to re-engineer the sewer system so that it would better service a property adjacent to Plaintiffs' property. *Id*. at ¶¶ 5, 14. Plaintiffs allege "this conspiracy predates the subject Plan's submission and goes as far back as when Wilson – fresh out of bankruptcy, was gifting a Bentley to his father that appears to have come from the same interested developer who holds 70,000 of capacity vis a vis illegal capacity agreements negotiated by his attorney and the Township's then solicitor." *Id*. at ¶ 51.

*Prikis v. Maxatawny Twp*., No. 5:23-CV-3901, 2024 WL 3889098, at *2 (E.D. Pa. Aug. 20, 2024).

ECF No. 1.  Lititz's Complaint consists of just two counts, each seeking declaratory relief.  *Id*.  The Complaint premises this Court's jurisdiction on 28 U.S.C. § 2201 "and because Plaintiffs in the underlying matter allege violations of the United States Constitution."  *Id*. ¶ 14.

On September 6, 2024, Lititz filed a Motion for Summary Judgment, *see* ECF No. 40, arguing that there exists no issue of material fact that the underlying claims arose outside of the Policy period and that the Policy excludes coverage for the intentional acts alleged in the underlying suit.  On the same day, Wilson filed a Motion to Dismiss, *see* ECF No. 41, arguing that the instant controversy is moot where this Court dismissed the underlying claims in an Opinion and Order dated August 20, 2024.

On October 9, 2024, this Court issued a rule to show cause why the instant case should not be dismissed for lack of subject matter jurisdiction.  *See* ECF No. 45.  Lititz filed a response on October 18, 2024.  *See* ECF No. 46.

## III. LEGAL STANDARDS

**Subject Matter Jurisdiction Generally – Review of Applicable Law**

Federal courts are courts of limited subject matter jurisdiction.  *Erie Ins. Exch. by Stephenson v. Erie Indem. Co*., 68 F.4th 815 (3d Cir. 2023).  "They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994).  Thus, a presumption against jurisdiction exists which the party asserting subject matter jurisdiction must overcome.  *Aldossari on Behalf of Aldossari v. Ripp*, 49 F.4th 236, 260 (3d Cir. 2022).  Since a challenge to subject matter jurisdiction "call[s] into question the very legitimacy of a court's adjudicatory authority," *Council Tree Commc'ns, Inc. v. F.C.C*., 503 F.3d 284, 292 (3d Cir. 2007) (quoting *Am. Canoe Ass'n v. Murphy Farms, Inc*., 326 F.3d 505, 515 (4th Cir.2003)), courts have both an affirmative duty to ensure the existence of subject

matter jurisdiction and to dismiss those actions where it does not exist.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

## IV.    ANALYSIS

### A.    The Court has no subject matter jurisdiction over this suit.

As noted, Lititz bears the burden of proving subject matter jurisdiction exists.  *Aldossari*, 49 F.4th at 260.  In its Complaint, Lititz seeks two counts of declaratory relief.  *See* Compl.  However, "[t]he Declaratory Judgment Act does not . . . provide an independent basis for subject-matter jurisdiction; it merely defines a remedy."  *Allen v. DeBello*, 861 F.3d 433, 444 (3d Cir. 2017).  In other words, the controversy must have its own jurisdictional basis.  *See Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388 (3d Cir. 2016).  Here, Lititz invokes federal question jurisdiction "because Plaintiffs in the underlying matter allege violations of the United States Constitution."  Compl. ¶ 14.  However, that is not the relevant legal test.  "In the declaratory judgment context, '[f]ederal courts have regularly taken original jurisdiction over ... suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question.'"  *See Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 277 n.4 (3d Cir. 2007) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 20 (1983)).

Here, there is no federal question where, in a hypothetical suit bringing a coercive action to enforce his rights, Wilson would be asserting a state law breach of contract claim against Lititz, not violations of the United States Constitution.  Since breach of contract does not arise under the Constitution or any federal law, Lititz has failed to establish federal question

jurisdiction. *See Sedlak v. Sturm*, No. CV 17-532, 2018 WL 446423 at *3 (W.D. Pa. Jan. 16, 2018) (holding that a breach of contract claim does not present a federal question.)

In response to this Court's rule to show cause, Lititz argues that a hypothetical suit by Wilson would "necessarily involve a determination on the federal question of whether Wilson committed constitutional violations of the Prikis Plaintiff's due process and equal protection rights under 42 U.S.C.A. 1983 and 18 U.S.C.A. 1346." Resp. at 3.  This language tracks the Supreme Court's narrow and often "unruly doctrine" concerning state law claims implicating substantial questions of federal law. *Gunn v. Minton*, 568 U.S. 251, 258 (2013)

In *Gunn v. Minton*, the Supreme Court clarified this "special and small category" of federal question cases, explaining that "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."[2] *See id*.  This inquiry adds an additional layer to the hypothetical coercive suit.  Now, the question becomes: would the hypothetical breach of contract suit "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities[?]" *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).  The Court holds that it does not.

This is how that hypothetical suit would play out.  Under Pennsylvania law, a claimant asserting breach of contract must prove: 1) the existence of a contract; 2) breach of a duty imposed by the contract; and 3) damages. *See Omicron Sys., Inc. v. Weiner*, 860 A.2d 554, 564

---

[2] This test is often referred to as the "*Grable* test." *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc*., 772 F.3d 158, 163 (3d Cir. 2014).

(Pa. Super. 2004). Thus, to prevail on his claim, Wilson would have to show the existence of a valid and enforceable insurance policy, that Lititz breached its duty to defend and indemnify him in the underlying litigation pursuant to the policy's terms, and that he incurred damages as a result. *See Doherty v. Allstate Indem. Co.*, No. CV 15-05165, 2017 WL 1283942, at *14 (E.D. Pa. Apr. 6, 2017) (quoting *Nationwide Mut. Ins. Co. v. Cosenza*, 258 F.3d 197, 206 (3d Cir. 2001) ("the insured has the burden 'to establish coverage under an insurance policy.'")

Then, Lititz would defend itself (much like it did in its Motion for Summary Judgment) by arguing that Wilson's actions predated the policy and/or by arguing that there was no breach because the 'intended harm exclusion'[3] to the policy applies to the conduct alleged in the underlying suit. *Nationwide,* 258 F.3d at 206 ("It is the insurer, however, that bears the burden of establishing the applicability of an exclusion in an insurance contract."); *Koppers Co. v. Aetna Cas. & Sur. Co.*, 98 F.3d 1440, 1446 (3d Cir. 1996) ("the insurer bears the burden of proving the applicability of any exclusions or limitations on coverage, since disclaiming coverage on the basis of an exclusion is an affirmative defense.")

This is where Lititz's argument fails. First, Lititz's first argument is that the conduct alleged in the underlying complaint occurred before policy was in effect. This plainly does not necessarily raise a federal question. It is simply a matter of timing. Second, regarding the

---

[3]   Here, the relevant exclusion is as follows:
Coverage E – Personal Liability And Coverage F – Medical Payments to Others
Coverages E and F do not apply to the following:
    1. Expected or Intended Injury
"Bodily injury" or "property damage" which is expected or intended by an "insured" even if the resulting "bodily injury" or "property damage":
        a. Is of a different kind, quality or degree than initially expected or intended; or
        b. Is sustained by a different person, entity, real or personal property, than initially expected or intended.
ECF No. 40, Ex. C at 17.

intended harm exclusion, contract interpretation is a matter of state law and thus does not necessarily raise a federal issue. *Hearing Lab Tech., Inc. v. Hearing Instruments, Inc.*, No. CV 16-221, 2017 WL 3208676 at * 5 (W.D. Pa. July 27, 2017). Further, as Lititz outlines in its Reply in support of the Motion for Summary Judgment, it is the *factual allegations* of the underlying complaint and not the particular cause of action that determines whether an exclusion applies. *See Mut. Ben. Ins. Co. v. Haver*, 725 A.2d 743, 745 (Pa. 1999) ("the particular cause of action that a complainant pleads is not determinative of whether coverage has been triggered. Instead it is necessary to look at the factual allegations contained in the complaint.") Thus, resolving the hypothetical breach of contract suit does not *necessarily* turn on substantial questions of federal law, it merely requires "comparing the four corners of the insurance contract to the four corners of the complaint." *Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.,* 2 A.3d 526, 541 (Pa. 2010). In this context, that would require a court to determine whether Wilson's alleged actions were expected or intended within the meaning of the policy exclusion, not whether a constitutional violation occurred. Since the Court finds that Lititz has failed to show the hypothetical state law claim necessarily turns on a federal issue, it need not address *Grable*'s other elements.[4]

## V.     CONCLUSION

Since Lititz has failed to establish this Court's subject matter jurisdiction over the case, it is dismissed.

---

[4] Lititz also cites Local Rule 40.1 in support, arguing that this matter must be assigned to the same judge because it is related to the matter docketed at *Prikis v. Maxatawny Township, et al.*, No. 5:23-cv-03901. The Court disagrees. This Court already declined to consolidate the cases, *see* ECF No. 35, and the Local Rules cannot confer jurisdiction over this action where the Constitution has not.

A separate Order follows.

                                          BY THE COURT:

                                          */s/ Joseph F. Leeson, Jr.*
                                          JOSEPH F. LEESON, JR.
                                          United States District Judge